UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL COREY SLAUGHTER, | ) | Case No. 1:05-CV-00922-OWW |
| Petitioner, | ) ) | |
| | ) | DEATH PENALTY CASE |
| vs. | ) ) | |
| ROBERT L. AYERS, Jr., Warden of San Quentin State Prison, | ) ) ) | Order Granting Petitioner's Second Motion for Stay and Abeyance (Doc. 46) |
| Respondent. | ) ) | |

On September 29, 2005, Petitioner Michael Corey Slaughter ("Slaughter") filed a "protective" federal petition under *Pace v. DiGuglielmo*, 544 U.S. 408, 416-417 (2005), and stay and abeyance of his federal proceedings was granted November 7, 2005. The California Supreme Court denied Slaughter's state habeas petition October 31, 2007. Slaughter amended his federal petition October 3, 2008, and concurrently filed a second state habeas petition alleging claims based on new evidence discovered by federal habeas counsel. Slaughter admits his amended federal petition is a "mixed" petition containing exhausted and unexhausted claims.

Slaughter seeks a second stay of his federal petition and abeyance of the federal proceedings while the state court considers his second habeas petition.

Slaughter asserts there are two bases supporting good cause for the stay and abeyance, as required under *Rhines v. Weber*, 544 U.S. 269 (2005).  First, as noted in *Pace*, "reasonable confusion about whether a state filing is timely will ordinarily constitute 'good cause' for filing in federal court."  544 U.S. at 416. Second, good cause for previously failing to exhaust the new claims is alleged because previous counsel was overwhelmed, inexperienced, and deprived of sufficient funding and time to fully present the claims in the first state petition. Slaughter contends the claims in his second state petition are potentially meritorious, and there is no indication he engaged in intentionally dilatory litigation tactics, so that stay and abeyance is appropriate.

Respondent Robert L. Ayers, Jr. ("the Warden") opposes Slaughter's second motion for stay and abeyance.  The Warden asserts a mixed petition should only be stayed in "limited circumstances" as held by *Rhines v. Weber*, 544 U.S. 269 (2005), and argues staying the petition in this case would conflict with the one-year statute of limitations and disregard the goal of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court.  *See Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008).  The Warden does not dispute that Slaughter's claims in the second state petition are potentially meritorious, and also agrees there is no evidence Slaughter was intentionally dilatory, however the Warden contends Slaughter's allegation of attorney error is the worst form of hindsight, and that of the fifteen claims in the second state petition, only four are "new."  The other eleven claims are "realleged" based on additional evidence of prejudice which was developed, or because review of those claims is said to be crucial to the evaluation of the new claims and new evidence, or because revisiting those claims is necessary to assess

1 the prejudice of the constitutional violations in totality.  The Warden contends
2 that, in essence, Slaughter seeks stay and abeyance because he has filed a
3 substantively "better" habeas petition in the state court.  The Warden argues that
4 endorsement of such a broad interpretation of "good cause" undermines the
5 goals of the AEDPA by allowing routine stays of mixed petitions.

6 Slaughter replies his showing of good cause is sufficient, as federal habeas
7 counsel have been diligent, and in good faith developed and presented his claims
8 without unreasonable delay.  Slaughter points to the fact that he has already filed
9 his second state petition, and asserts none of the factors which prevented
10 presentation of the claims in his first state petition were his fault.  Slaughter
11 argues *Wooten v. Kirkland*, relied on by the Warden, is distinguishable as it
12 involved an unexhausted cumulative error claim that had been left out of the
13 prior state court proceedings, not a claim based on any new facts, investigation or
14 circumstances.  The petitioner in *Wooten* alleged he was "under the impression"
15 the claim had been raised in state court and having discovered that "impression"
16 was incorrect, requested stay and abeyance to exhaust the claim, which the Ninth
17 Circuit held did not constitute good cause.

18 The Warden's argument might have merit if all the claims in Slaughter's
19 second state petition were being realleged or seeking additional review or re-
20 visitation, but four of the claims are new.  The Warden makes no argument the
21 new claims do not qualify under the *Rhines* standard.  If Slaughter's second state
22 petition consisted of only those four new claims, stay and abeyance would be
23 appropriate, so it is immaterial that the other eleven claims have been included in
24 Slaughter's second state petition.

25 Slaughter's motion to stay his federal petition and hold the federal
26 proceedings in abeyance pending the completion of state exhaustion proceedings

1 is GRANTED.  During the pendency of state exhaustion proceedings, Slaughter
2 shall file quarterly status reports commencing on or about the 20th of every third
3 month beginning in March, 2009, until the conclusion of the state proceedings.
4 Upon that occurrence, Slaughter shall immediately notify the Court of the
5 disposistion of the state proceedings, and if his state petition is denied, shall
6 schedule a status hearing in this Court within 30 days of the state denial.

IT IS SO ORDERED.

**Dated:    December 18, 2008**              /s/ Oliver W. Wanger
                                                            UNITED STATES DISTRICT JUDGE