1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  MICHAEL C. SLAUGHTER | Case No.  1:05-cv-00922 AWI-SAB |
| 12                 Petitioner, | ORDER GRANTING PETITIONER'S |
| | MOTION TO FILE SECOND AMENDED |
| 13          v. | PETITION and ORDER FOR PETITIONER |
| | TO SHOW CAUSE RE: CLAIM 47 |
| 14  KEVIN CHAPPELL, AS WARDEN OF SAN | (ECF. No. 84) |
|     QUENTIN CALIFORNIA STATE PRISON, | |
| 15 | HEARING DATE:   August 6,2014 |
|                 Respondent. | COURTROOM 9 |
| 16 | |
| 17 | **VACATED** |

18

19      On June 27, 2014, Petitioner Michael C. Slaughter ("Petitioner") filed a motion for leave

20  to file his Second Amended Petition.  The hearing on the motion was set for August 6, 2014.

21  The opposition from Respondent Kevin Chappell, as Warden of San Quentin California State

22  Prison ("Respondent") was due July 23, 2014.  On July 30, 2014, respondent filed a consenting

23  to the amendment.

24      The Court, having reviewed the motion, the proposed Second Amended Petition, and the

25  orders denying Petitioner's state exhaustion petitions, case S167303 and case S183839, both

26  denied by the California Supreme Court on June 25, 2014, finds this matter suitable for decision

27  without oral argument.  See Local Rule 230(g).  Accordingly, the previously scheduled hearing

28

set on August 6, 2014 in Courtroom 9 will be vacated and the parties will not be required to appear at that time.

## I.

### THE SECOND AMENDED PETITION

Petitioner filed his initial federal petition on September 9, 2005.  (ECF No. 8.)  This pleading was a "protective petition" authorized by Pace v. DiGuglielmo, 544 U.S. 408 (2005), to preserve Petitioner's rights.  With leave of Court, Petitioner filed an Amended Petition asserting 49 claims, on October 3, 2008.  (ECF No. 41.)  Because the Amended Petition was a "mixed" petition, containing both exhausted and unexhausted claims, the Court held federal proceedings in abeyance so Petitioner could present his unexhausted claims before the California Supreme Court.  The abeyance order was entered on December 19, 2008.  (ECF No. 52.)

In his present motion, Petitioner explains that he uncovered a new claim, the factual basis for which was unknown prior to 2010.  The claim concerns juror bias and misconduct for withholding information as well as ineffective assistance of trial counsel for failure to uncover the juror bias and misconduct (hereafter the "juror bias claim").  Petitioner has added the juror bias claim as Claim 50 in his Second Amended Petition.

Upon discovery of the juror bias claim, Petitioner attempted to amend his then-pending state exhaustion petition, S167303, to add this claim to the petition.  The state court denied the motion to amend the existing petition and instead directed the clerk to file the motion and proposed amended claim as a new case, S183839.  On June 25, 2014, the California Supreme Court denied case S183839 (the juror bias claim) on the merits and denied case S167303 on the merits as well as on procedural grounds, with the exception of state claim 13.

With respect to state claim 13 in case S167303 (pleaded in the Second Amended Petition as Claim 47), the state court directed the Secretary of the Department of Corrections and Rehabilitation to show cause before the Stanislaus Superior Court why Petitioner would not be entitled to relief, as conceded by the Attorney General, to correction of the abstract of judgment with respect to Petitioner's attempted murder conviction.  In that state claim, Petitioner alleged that the state trial judge sentenced Petitioner to life with the possibility of parole.  Both the

1  minute order and the abstract of judgment, however, erroneously indicate the sentence is life

2  without the possibility of parole.

3       With the exception of Claim 47, Petitioner's motion for leave to file his Second Amended

4  Petition, pursuant to Federal Rule of Civil Procedure 15(a), is granted.  The Second Amended

5  Petition shall be deemed filed on June 27, 2014, the date it was lodged with the Court.

6                                              **II.**

7                                  **ORDER TO SHOW CAUSE**

8       Under Rule 4 of the Rules Governing § 2254 Cases, the Court may exercise discretion,

9  sua sponte, to dismiss a claim in the petition if it plainly appears the petitioner is not entitled to

10 relief.  That appears to be the case as to Claim 47.   Based on the California Supreme Court's

11 order in case 167303, the state equivalent to federal Claim 47 (state claim 13) is either

12 unexhausted or has been resolved in Petitioner's favor.  The Court is unaware of the status of

13 proceedings regarding state claim 13 before the Stanislaus Superior Court.

14      Petitioner is ordered to show cause as to why the Court should not dismiss Claim 47 in

15 the Second Amended Petition as unexhausted or moot.

16      It is HEREBY ORDERED that, within fourteen days from the date of service of this

17 order, Petitioner is to show cause why Claim 47 should not be dismissed from the Second

18 Amended Petition as unexhausted or moot.  Any response by Respondent shall be filed fourteen

19 days after Petitioner's response is filed.  After that time period, the matter will be deemed

20 submitted unless the Court requires a hearing on the matter.

21

22      IT IS SO ORDERED.

23      Dated:   **July 31, 2014**

                                                UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28