UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL C. SLAUGHTER,<br><br>  Petitioner,<br><br>  v.<br><br>KEVIN CHAPPELL, AS WARDEN OF SAN QUENTIN CALIFORNIA STATE PRISON,<br><br>  Respondent. | Case No. 1:05-cv-00922 AWI-SAB<br><br>ORDER HOLDING CLAIM 47 IN RESERVE AND SETTING A BRIEFING SCHEDULE FOR ALL OTHER CLAIMS IN THE PETITION |

Upon receiving notice from Petitioner, Michael C. Slaughter, that the California Supreme Court had denied his pending state exhaustion petitions in California Supreme Court Case Nos. S167303 and S183839, the Court lifted the stay holding the present case in abeyance on June 27, 2014. On the same day, Petitioner filed an unopposed motion for leave to file his Second Amended Petition. The motion was granted on July 31, 2014 (ECF No. 88) and the Second Amended Petition was deemed filed as of June 27, 2014. In the July 31, 2014 order, the Court also directed Petitioner to address the current status of Claim 47 of the federal petition, which is claim 13 in the California Supreme Court Case No. S167303, now pending before the Stanislaus Superior Court.

1       Petitioner timely responded to the Court's directive on August 13, 2014. In his response, Petitioner explains that the State of California does not oppose state claim 13 and that, in light of this non-opposition, there is no need for the state court to conduct an evidentiary hearing. Accordingly, the resolution of state claim 13 is under submission before the Stanislaus Superior Court.

       Petitioner requests the Court to delay making a ruling on Claim 47 in his Second Amended Petition until the state proceedings are completed. He further advises the Court that he will file a notification of any action taken by the state court as soon as it occurs. The Court takes Petitioner at his word in this regard.

       Since this matter is no longer in abeyance, the Court now proceeds with setting a schedule for Respondent Kevin Chappell, as Warden of San Quentin California State Prison, to file his answer to the Second Amended Petition. Although this case is not subject to budgeting requirements, it remains subject to case management principles set out in the Fresno Attorney Guide available on the Court's website (under Forms, CJA Capital Habeas Forms, Fresno). Under those case management principles, the present case is in Phase II of this § 2254 litigation, which includes the filing of the petition, the answer, and resolution of any limitations or exhaustion issues. See Fresno Attorney Guide, ¶¶ 48-57. Unless the parties request a case management conference, the Court will proceed to set a due date for Respondent's answer without a hearing.

       Review of the Second Amended Petition shows that it is not overly lengthy (158 pages) and Deputy Attorney General Ryan McCarroll has been assigned to represent Respondent in this case since March 29, 2011 (ECF No. 61). Accordingly, Respondent's answer shall be due on or before November 14, 2014. Respondent's answer shall be filed without points and authorities and address the allegations in the Second Amended Petition consistent with Rule 5 of the Rules Governing § 2254 Cases. That is, Respondent shall admit and deny Petitioner's allegations as well as allege all substantive and procedural affirmative defenses. Fresno Attorney Guide, ¶ 50. Should Respondent raise the issue of the statute of limitations, the Court will direct the parties to brief the matter after reviewing the answer. Id., ¶ 51. In the event Respondent's answer raises

claims lack of exhaustion, the Court will direct the parties to file a joint statement as to which claims are unexhausted (or partially unexhausted). Id., ¶ 53.

The Court anticipates that resolution of Claim 47 (that is, state claim 13) will precede the November 14, 2014 due date for Respondent's answer and is held in abeyance for the reasons stated above.

IT IS SO ORDERED.

Dated:   **August 15, 2014**

UNITED STATES MAGISTRATE JUDGE