# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL COREY SLAUGHTER,<br><br>      Petitioner,<br>   v.<br><br>KEVIN CHAPPELL, Warden of San Quentin State Prison,<br><br>      Respondent. | Case No.  1:05-cv-00922-AWI-SAB<br><br>DEATH PENALTY CASE<br><br>ORDER SETTING CASE MANAGEMENT CONFERENCE<br><br>Date:  May 26, 2015<br>Time:  1:30 p.m.<br>TELEPHONIC |

This matter is before the Court on the parties' May 7, 2015 joint statement regarding phase III scheduling (ECF No. 106).  By this order, the Court sets a telephonic case management conference to establish a schedule for phase III.

## I.   BACKGROUND

On September 29, 2005, Petitioner filed a "protective" federal petition pursuant to Pace v. DiGuglielmo, 544 U.S. 408 (2005).  Stay and abeyance of these proceedings was granted on November 7, 2005, pursuant to Rhines v. Weber, 544 U.S. 269 (2005), to allow state exhaustion. The California Supreme Court denied Petitioner's state habeas petition on October 31, 2007.

Petitioner filed an amended federal petition on October 3, 2008 and concurrently filed a second state habeas petition alleging claims based on new evidence discovered by federal habeas

1

counsel. On December 19, 2008, these proceedings were again ordered held in abeyance pending state exhaustion. On June 25, 2014, Petitioner's state habeas petitions were denied and his lodged second amended federal petition was deemed filed.

On December 15, 2014, Respondent filed his amended answer to the second amended petition.

On January 9, 2015, the Court ordered that claim 47 be dismissed.

On March 9, 2015, the Court ordered that unexhausted allegations be stricken from claims 7 and 19, and directed the parties to file the above referenced phase III joint statement.

## II. DISCUSSION

The parties' joint statement demonstrates that Respondent does not intend to file an amended answer to the second amended petition; that all remaining claims in the second amended petition have been exhausted; and that no procedural or limitations issues require discussion prior to moving this case to phase III.

The parties each propose a phase III briefing schedule that assumes cited resource limitations and obligations in other cases will continue unabated. Petitioner proposes a schedule under which claim briefing would be completed by August 1, 2017, and motion(s) for evidentiary development would be fully briefed by February 12, 2018. Respondent proposes a schedule under which claim briefing would be completed by April 17, 2017, and motion(s) for evidentiary development would be fully briefed by October 2, 2017.

Respondent suggests the parties should brief the full scope of the merits under 28 U.S.C. § 2254 including procedural defenses and retroactivity under Teague v. Lane, 489 U.S. 288 (1989). This instead of the more limited 28 U.S.C. § 2254(d) briefing proposed by the Court. Respondent states that full scope briefing would limit the number of claims requiring subsequent briefing on retroactivity and procedural defenses without significantly increasing the time required for phase III briefing.

The Court will conduct a phase III case management conference to address these and other issues. Specifically, the parties should be prepared to address the facts underlying their current scheduling assumptions; their respective positions regarding the appropriate scope of

phase III briefing; how expanding the scope of phase III briefing might impact scheduling; and options for expediting phase III briefing.  The merits of the claims alleged in the second amended petition will be addressed prior to procedural and <u>Teague</u> defenses.

### III.    ORDER

Accordingly, it is HEREBY ORDERED that a telephonic phase III case management conference is set for May 26, 2015, at 1:30 p.m., in Courtroom 9 before the undersigned.  The attorneys are directed to contact the Court's Courtroom Deputy Clerk, Mamie Hernandez, to obtain the teleconference code.

IT IS SO ORDERED.

Dated:   **May 13, 2015**

UNITED STATES MAGISTRATE JUDGE