UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL COREY SLAUGHTER,<br><br>Petitioner,<br><br>v.<br><br>RON BROOMFIELD, Warden of San Quentin State Prison,<br><br>Respondent. | Case No. 1:05-cv-00922-ADA<br><br>DEATH PENALTY CASE<br><br>ORDER GRANTING UNOPPOSED MOTION TO MODIFY CASE SCHEDULING<br><br>(Doc. 168) |

I. INTRODUCTION

Before the Court is a motion brought by Petitioner, a condemned state prisoner, through counsel Assistant Federal Defenders Jennifer Mann and Alyssa Mack, to modify case scheduling to permit filing of a Supplemental Motion for Evidentiary Hearing and Expansion of the Record including Exhibits 2A-2D thereto (Docs. 168-2, 168-3, 168-4, 168-5, 168-6, together the "Supplemental Motion"), in support of the operative second amended petition for writ of habeas corpus filed in this proceeding.

Petitioner asserts the Supplemental Motion includes non-record evidence that was unavailable in late 2020, when he filed a [corrected] motion for evidentiary hearing and expansion of the record and discovery. He argues that impacts of COVID-19 on the facts and

1

circumstances of the case provide good cause to modify case scheduling.  (*See* Doc. 168 at 4-6.[1])

Respondent, through counsel Deputy Attorney General Joseph Penney, has filed a notice of non-opposition to filing of the Supplemental Motion and related scheduling, though he anticipates substantive opposition to the Supplemental Motion upon its filing.

The Court vacated the December 4, 2023 hearing on the instant motion, finding the matter amenable to resolution on the papers.  (Doc. 169.)

## II. BACKGROUND

The record reflects Petitioner's 1991 conviction and death sentence in Stanislaus County Superior Court case number 254100.   In 2002, the California Supreme Court affirmed petitioner's conviction on direct appeal.  In 2003, the United States Supreme Court denied certiorari.   Also in 2003, Petitioner filed the first of three post-conviction petitions in state court.

In 2005, Petitioner began this federal proceeding under 28 U.S.C. § 2254.  That same year, Petitioner filed in this case a protective petition pursuant to *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).  In 2014, after multiple exhaustion stays and state court denial of his three post-conviction petitions, Petitioner filed in this case his operative second amended petition.[2]  Respondent filed his answer to the second amended petition that same year.

In 2020, the parties completed merits briefing.  Also in 2020, Petitioner filed the noted [corrected] motion for evidentiary hearing, expansion of the record, and discovery.  Respondent filed his opposition to the [corrected] motion in 2021.  That same year, Petitioner filed his reply in support of the [corrected] motion.

In 2022, the Court granted Petitioner's request for a round supplemental briefing of the [corrected] motion relating to recent Supreme Court decisions.  In early 2023, the parties completed supplemental briefing of the [corrected] motion.

/////

---

[1] Reference to pagination is to CM/ECF system pagination.

[2] The state supreme court issued an OSC for one claim regarding a clerical error in the abstract of judgment, which was subsequently discharged following correction of the clerical error.  This Court dismissed the corresponding federal claim (i.e. claim 47) in 2015, upon stipulation of the parties.  (*See* Doc. 100.)

### III. DISCUSSION

In determining whether to modify case scheduling, the Court considers the "good cause" standard set out by Federal Rules of Civil Procedure 16(b)(4). Rule 16(b)(4) provides a schedule may be modified only for good cause and with the judge's consent. As this Court has observed:

> The "good cause" requirement focuses primarily on the party's diligence and its reasons for not acting sooner. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (citing *Johnson v. Mammoth Recreations Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)), *aff'd on unrelated question sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373, 135 S.Ct. 1591, 191 L.Ed.2d 511 (2015).

*City of Lincoln v. Cnty. of Placer*, No. 2:18-CV-00087-KJM-AC, 2023 WL 2776091, at *6 (E.D. Cal. Apr. 4, 2023). The Court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609 (citing to Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)); *see also* 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence).

Here, the Court finds good cause to grant Petitioner's unopposed request to modify case scheduling to permit filing and briefing of the Supplemental Motion.

The Court is persuaded that notwithstanding Petitioner's reasonable diligence and that of his counsel, development and presentation of a complete motion for evidentiary hearing and expansion of the record was unforeseeably impeded by the impacts of COVID-19 on the facts and circumstances of the case. (*See e.g.*, Doc. 146 at 17-19; Doc. 153 at 2; Doc. 168-1; *see also Kuschner v. Nationwide Credit, Inc*., 256 F.R.D. 684, 687 (E.D. Cal. 2009 ("Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably been foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order.").

Respondent's non-opposition to the instant motion to modify case scheduling appears

implicitly to concede good cause and the absence of prejudice should relief be granted.

ACCORDINGLY, Petitioner's unopposed motion to modify case scheduling to permit filing of his Supplemental Motion for Evidentiary Hearing and Expansion of the Record (Doc. 168) is GRANTED.  The CLERK is directed to FILE on the public docket the Supplemental Motion for Evidentiary Hearing and Expansion of the Record and Exhibits 2A-2D thereto (i.e. Docs. 168-2, 168-3, 168-4, 168-5, 168-6).  RESPONDENT shall FILE any opposition to the Supplemental Motion and Exhibits 2A-2D thereto not later than sixty (60) days following the filed date thereof.  PETITIONER shall FILE any reply to the opposition by not later than sixty (60) days following the filed date thereof.

IT IS SO ORDERED.

Dated:   October 13, 2023

_____
UNITED STATES DISTRICT JUDGE