UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL COREY SLAUGHTER,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>CHANCE ANDES, Warden of San Quentin Rehabilitation Center,<br><br>　　　　　Respondent.[1] | Case No. 1:05-cv-00922-NODJ<br><br>DEATH PENALTY CASE<br><br>ORDER GRANTING UNOPPOSED SECOND MOTION TO MODIFY CASE SCHEDULE |

　　　Before the Court is a motion (Doc. 180) brought by Petitioner, a condemned state prisoner, through counsel Assistant Federal Defenders Jennifer Mann and Alyssa Mack, to modify the case schedule to permit filing of a Second Supplemental Motion for Expansion of the Record and Request for Judicial Notice including Exhibit 2E thereto (Docs. 180-1, 180-2, collectively the "Second Supplemental Motion"), in support of the operative Second Amended Petition for Writ of Habeas Corpus. (Doc. 82.)

　　　Relatedly, the record reflects that Petitioner has filed in the case a November 2, 2020 Corrected Motion for Evidentiary Hearing, Expansion of the Record and Discovery (Doc. 146, hereinafter the "Corrected Motion"), and an October 17, 2023 Supplemental Motion for

---

[1] Chance Andes, Acting Warden of San Quentin Rehabilitation Center, is substituted as Respondent in place of his predecessor wardens. Fed. R. Civ. P. 25(d).

1

Evidentiary Hearing and Expansion of the Record (Doc. 174, hereinafter the "Supplemental Motion").

Petitioner asserts the proposed Second Supplemental Motion is a necessary response to Respondent's recently filed Opposition to the Supplemental Motion (Doc. 176).

Counsel for Petitioner represents that counsel for Respondent, Deputy Attorney General Joseph Penney, does not oppose the proposed modification of the case schedule to permit filing of the Second Supplemental Motion.

The Court finds the matter amendable to resolution on the papers. *See* Local Rule 230(g).

## BACKGROUND

The record reflects Petitioner's 1991 conviction and death sentence in Stanislaus County Superior Court case number 254100.

In 2002, the California Supreme Court affirmed petitioner's conviction on direct appeal.

In 2003, the United States Supreme Court denied certiorari.

In 2005, Petitioner began this federal proceeding pursuant to 28 U.S.C. § 2254. That same year, Petitioner filed in the case a Protective Petition pursuant to *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). (Doc. 8.) In 2014, after multiple exhaustion stays and state court denial of his three post-conviction petitions, Petitioner filed in the case his Second Amended Petition.[2] Respondent filed his Answer to the Second Amended Petition that same year. (Doc. 97.)

In 2020, the parties completed merits briefing of the Second Amended Petition. Also in 2020, Petitioner filed the Corrected Motion. The parties completed briefing of the Corrected Motion in 2021.

In 2022, the Court granted Petitioner's request for a round supplemental briefing of the Corrected Motion to address recent Supreme Court decisions. The parties completed this supplemental briefing in early 2023.

/////

/////

---

[2] The state supreme court issued an OSC for one claim regarding a clerical error in the abstract of judgment, which was subsequently discharged following correction of the clerical error. This Court dismissed the corresponding federal claim (i.e. claim 47) in 2015, upon stipulation of the parties. (*See* Doc. 100.)

Petitioner filed the Supplemental Motion in October 2023. Respondent filed his Opposition to the Supplemental Motion in December 2023. Any reply to the Opposition to the Supplemental Motion was due by February 27, 2024.[3]

DISCUSSION

In determining whether to modify case scheduling, the Court considers the "good cause" standard set out by Federal Rules of Civil Procedure 16(b)(4). Rule 16(b)(4) provides that a schedule may be modified only for good cause and with the judge's consent. As this Court has observed:

> The "good cause" requirement focuses primarily on the party's diligence and its reasons for not acting sooner. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (citing *Johnson v. Mammoth Recreations Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)), aff'd on unrelated question sub nom. *Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373, 135 S.Ct. 1591, 191 L.Ed.2d 511 (2015).

*City of Lincoln v. Cnty. of Placer*, No. 2:18-CV-00087-KJM-AC, 2023 WL 2776091, at *6 (E.D. Cal. Apr. 4, 2023). The Court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609 (citing to Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)); *see also* 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence).

Here, the Court finds good cause to grant Petitioner's unopposed request to modify the case schedule to permit filing of the Second Supplemental Motion. The Second Supplemental Motion, according to Petitioner, addresses Respondent's recently raised hearsay objection to evidentiary facts presented in the Supplemental Motion, by proffering such facts through Judicial Notice of Exhibit 2E to the Second Supplemental Motion. Exhibit 2E is a volume of the Reporters' Transcript on Appeal in *People v. Alfredo Alvarado Padilla*, California Supreme Court No. S014496, relating to the alleged racial animus of Petitioner's trial counsel.

/////

---

[3] To date, no reply brief has been filed.

The Court is satisfied that notwithstanding Petitioner's reasonable diligence and that of his federal counsel, the need to proffer Exhibit 2E became apparent only after Respondent filed his Opposition to the Supplemental Motion.  (*See* Doc. 180 at 5)[4]; *see also Kuschner v. Nationwide Credit, Inc*., 256 F.R.D. 684, 687 (E.D. Cal. 2009) ("Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably been foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order.").

Respondent's non-opposition to the instant motion to modify the case schedule appears implicitly to concede good cause and the absence of prejudice should the requested relief be granted.  Moreover, the yet to be briefed Second Supplemental Motion relates to allegations raised in the Second Amended Petition to be developed through the previously filed Supplemental Motion, reasonably suggesting the absence of prejudice should relief be granted on the instant scheduling motion.

ACCORDINGLY, Petitioner's unopposed motion to modify the case schedule to permit filing of the Second Supplemental Motion (Doc. 180) is GRANTED.  The CLERK is directed to FILE on the public docket CM/ECF System Documents Number 180-1 and 180-2 AS the SECOND SUPPLEMENTAL MOTION FOR EXPANSION OF THE RECORD AND REQUEST FOR JUDICIAL NOTICE.  RESPONDENT shall FILE any opposition to the Second Supplemental Motion not later than SIXTY (60) DAYS following the filed date thereof.  PETITIONER shall FILE any reply to the opposition by not later than SIXTY (60) DAYS following the filed date thereof.

DATED:  March 1, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] Reference to pagination is to CM/ECF System pagination.