UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL COREY SLAUGHTER, | Case No. 1:05-cv-00922-KES |
| Petitioner, | <u>DEATH PENALTY CASE</u> |
| v. | ORDER GRANTING PETITIONER'S UNOPPOSED MOTION FOR RELIEF FROM DEFAULT |
| CHANCE ANDES, Warden of San Quentin Rehabilitation Center, | |
| Respondent. | |

I. INTRODUCTION

On May 16, 2024, Petitioner Michael Corey Slaughter, through appointed counsel the Office of the Federal Defender for the Eastern District of California by Assistant Federal Defenders Alyssa Mack and Jennifer Mann, moved for relief from his failure to timely file his Reply to Opposition to the Supplemental Motion for Evidentiary Hearing and Expansion of the Record (hereinafter "Reply Supporting Supplemental Motion"). (Doc. 185.)

Counsel for Petitioner advise that counsel for Respondent, Deputy Attorney General Joseph Penney, has no objection to the motion.

The Court, having reviewed Petitioner's motion, the record, and the controlling law, finds the matter amendable to resolution on the papers. *See* Local Rule 230(g).

The Court finds good cause to GRANT the motion, as discussed below.

## II. BACKGROUND

The record reflects Petitioner's 1991 conviction and death sentence in Stanislaus County Superior Court case number 254100.

In 2002, the California Supreme Court affirmed Petitioner's conviction on direct appeal. In 2003, the United States Supreme Court denied certiorari.

In 2005, Petitioner began this federal proceeding pursuant to 28 U.S.C. § 2254. That same year, Petitioner filed in the case a Protective Petition pursuant to *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). In 2014, after multiple exhaustion stays and state court denial of his three post-conviction habeas corpus petitions, Petitioner filed in the case his federal Second Amended Petition.[1]  Respondent filed his Answer to the Second Amended Petition that same year.

In 2020, the parties completed merits briefing of the Second Amended Petition. Also in 2020, Petitioner filed a [Corrected] Motion for Evidentiary Hearing, Expansion of the Record and Discovery (hereinafter "Corrected Motion") which the parties briefed in 2021.

In 2022, the Court granted Petitioner's request for a round of supplemental briefing of the Corrected Motion to address recent Supreme Court decisions, which the parties completed in early 2023.

Petitioner filed a Supplemental Motion for Evidentiary Hearing and Expansion of the Record in October 2023 (hereinafter "Supplemental Motion"). Respondent filed his Opposition to the Supplemental Motion in December 2023. Petitioner's Reply Supporting Supplemental Motion was due by February 27, 2024.

On March 4, 2024, Petitioner filed a Second Supplemental Motion for Expansion of the Record and Request for Judicial Notice (hereinafter "Second Supplemental Motion"). Respondent filed his Opposition to the Second Supplemental Motion on April 11, 2024. Petitioner's Reply to the Opposition to the Second Supplemental Motion is due June 10, 2024.

///

///

---

[1] The state supreme court issued an order to show cause for one claim regarding a clerical error in the abstract of judgment, which was subsequently discharged following correction of the clerical error. This Court dismissed the corresponding federal claim (i.e. claim 47) in 2015, upon stipulation of the parties. (*See* Doc. 100.)

III. DISCUSSION

Petitioner's counsel argue the Reply Supporting Supplemental Motion went unfiled due to their oversight. Counsel argue the oversight raises only non-prejudicial excusable neglect and that on balance the surrounding equities weight in favor finding good cause for relief from default. Counsel argue that Respondent's non-opposition implicitly concedes as much.

Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure provides that when an act must be done within a specified time, the "court may, for good cause, extend the time . . . if the party failed to act because of excusable neglect." The district court has discretion to determine whether a party's failure to act was excusable neglect. *Pincay v. Andrews*, 389 F.3d 853, 858 (9th Cir. 2004). Under *Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993), in determining whether a party's neglect was excusable, a court must examine "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Mendez v. Knowles*, 556 F.3d 757, 765 (9th Cir. 2009) (applying the *Pioneer Inv. Servs. Co.* test); *see also Anh Van Thai v. Cnty. of Los Angeles*, 2021 WL 1610057, at *2 (S.D. Cal. Apr. 26, 2021) (citing *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009)) (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 388, 394) ("Excusable neglect encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence and includes 'omissions caused by carelessness[.]"). A district court abuses its discretion by failing to engage in this four-factor test or at least the equitable analysis thereunder. *Ahanchian v. Xenon Pictures, Inc.,* 624 F.3d 1253, 1261 (9th Cir. 2010).

Upon considering the factors set out in *Pioneer Investment Servs. Co.*, the Court finds excusable neglect and exercises its discretion and grants Petitioner's motion to belatedly file the Reply Supporting Supplemental Motion appended thereto, as discussed below.

As to the first and second factors, the Court concludes the Respondent will not be prejudiced by the belated filing of the Reply Supporting Supplemental Motion in the case. As noted, Respondent has stated his non-opposition to the motion. The noted multiple evidentiary

development motions filed in the case (i.e., the Corrected Motion, the Supplement Motion, and the Second Supplemental Motion) have been the subject of substantial briefing by the parties.[2] The currently scheduled proceedings should not be impacted by the relatively short (i.e. three months) delay in filing the Reply Supporting Supplemental Motion, particularly as briefing of the Second Supplemental Motion is ongoing.

As to the third and fourth factors, the Court looks to counsel's declaration in support of the motion. The Court concludes that while the reason for the delay was within counsel's control, counsel have provided a reasonable, good faith excuse for the missed deadline. Counsel explain that while they prepared the substantive Reply Supporting Supplemental Motion for filing by the February 27, 2024 case management deadline, multiple documents relating to the Second Supplemental Motion filed that same day played a role in their default. Relatedly, counsel state that they have diligently litigated the case, and that this is the first and only time they missed a deadline in the case. *See LaNier v. United States*, 2017 WL 951040, at *4 (S.D. Cal. March 10, 2017) (good cause requires a showing of diligence in attempting to meet the deadline); *Escamilla v. Miranda*, 2024 WL 390071, at *2 (N.D. Cal. Jan. 31, 2024) (citing *Armstrong v. Hartford Life & Acc. Ins. Co.*, 2014 WL 4163808, at *2 (E.D. Cal. Aug. 20, 2014)) (finding excusable neglect where counsel admitted that he forgot to calendar a motion, which resulted in his failure to call opposing counsel to ask for a stipulation for an extension to file a late reply brief); *cf. Burton v. Jimenez*, 2021 WL 2660431, at *3 (E.D. Cal. June 29, 2021) (counsel's failure to promptly and effectively communicate with his client and the court found not to be "excusable neglect" under Federal Rule of Civil Procedure 6(b)(1)(B)).

The Court also concludes that affording relief from default will contribute to resolution of the case on the merits. *Ahanchian,* 624 F.3d at 1258-59 (citing *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983)) (superseded by Rule as stated in *In re Stein*, 197 F.3d 421, 426 (9th Cir. 1999), *as amended on denial of reh'g* (Jan. 5, 2000)) ("Rule 6(b)(1) . . . like all the Federal Rules of Civil Procedure, [is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits."). Petitioner's counsel state the Reply Supporting

---

[2] As noted, Petitioner's Reply in Support of the Second Supplement Motion is due June 10, 2024.

Supplemental Motion relates to the Court's ability to consider non-record evidence in its merits determination of Petitioner's federal habeas claims.

THEREFORE, the Court orders that:

1. Petitioner's motion for relief from default (Doc. 185) is GRANTED.
2. The Clerk of the Court is directed to FILE on the public docket CM/ECF System Document Number 185-1 as the REPLY TO OPPOSITION TO SUPPLEMENTAL MOTION FOR EVIDENTIARY HEARING AND EXPANSION OF THE RECORD.

IT IS SO ORDERED.

Dated:   May 24, 2024

UNITED STATES DISTRICT JUDGE