1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL COREY SLAUGHTER,                 Case No. 1:05-cv-00922-KES

12              Petitioner,                    DEATH PENALTY CASE

13        v.                                   ORDER GRANTING UNOPPOSED THIRD
                                               MOTION TO MODIFY CASE SCHEDULE
14   TAMMY L. CAMPBELL, Warden,
     California State Prison - Corcoran,
15
                Respondent.
16

17

18                              INTRODUCTION

19        Before the Court is a motion (Doc. 191) brought by Petitioner, a condemned state

20   prisoner, through counsel Assistant Federal Defenders Jennifer Mann and Alyssa Mack, to

21   modify the case schedule to permit filing of a Third Supplemental Motion for Expansion of the

22   Record and Exhibits 2F and 2G appended thereto (Docs. 191-1, 191-2, and 191-3 respectively,

23   collectively the "Third Supplemental Motion"), in support of the operative Second Amended

24   Petition for Writ of Habeas Corpus (Doc. 82).

25        Counsel for Petitioner represents that counsel for Respondent, Deputy Attorney General

26   Joseph Penney, does not oppose the proposed modification of the case schedule to permit filing of

27   the Third Supplemental Motion.  (Doc. 191 at 10.)[1]

28
     ───────────────────
     [1] Reference to pagination is to CM/ECF System pagination.

                                            1

1    The Court, finding the matter amendable to resolution on the papers,  GRANTS the

2    requested relief, for the reasons discussed below.[2]

3                                         BACKGROUND

4    The record reflects Petitioner's 1991 conviction and death sentence in Stanislaus County

5    Superior Court case number 254100.  In 2002, the California Supreme Court affirmed Petitioner's

6    conviction on direct appeal.   In 2003, the United States Supreme Court denied certiorari.

7    In 2005, Petitioner began this federal proceeding pursuant to 28 U.S.C. § 2254.  That

8    same year, Petitioner filed in the case a Protective Petition pursuant to *Pace v. DiGuglielmo*, 544

9    U.S. 408 (2005).  (Doc. 8.)  In 2014, after multiple exhaustion stays and state court denial of his

10   three post-conviction petitions, Petitioner filed in the case his Second Amended Petition.[3]

11   Respondent filed his Answer to the Second Amended Petition that same year.  (Doc. 97.)

12   In 2020, the parties completed merits briefing of the Second Amended Petition.

13   Petitioner filed three evidentiary development motions:  (1) a November 2, 2020

14   Corrected Motion for Evidentiary Hearing, Expansion of the Record and Discovery (Doc. 146,

15   hereinafter the "Corrected Motion"), (2) an October 17, 2023 Supplemental Motion for

16   Evidentiary Hearing and Expansion of the Record (Doc. 174, hereinafter the "Supplemental

17   Motion"), and (3) a March 4, 2024 Second  Supplemental Motion for Expansion of the Record

18   and Judicial Notice (Doc. 182, hereinafter the "Second Supplemental Motion").  These Motions

19   have been fully briefed.[4]  (*See* Docs. 151. 152, 176, 184, 189, 190.)

20                                         DISCUSSION

21   In determining whether to modify case scheduling, the Court considers the "good cause"

22   standard set out by Federal Rule of Civil Procedure 16(b)(4).  Rule 16(b)(4) provides that a

23   schedule may be modified only for good cause and with the judge's consent.  As this Court has

24   [2] The Court previously vacated the August 6, 2024 hearing.  (Doc. 192.)

25   [3] The state supreme court issued an OSC for one claim regarding a clerical error in the abstract of judgment, which
     was subsequently discharged following correction of the clerical error.  This Court dismissed the corresponding
26   federal claim (i.e. Claim 47) in 2015, upon stipulation of the parties.  (*See* Doc. 100.)

27   [4] In 2022, the Court granted Petitioner's request for supplemental briefing of the Corrected Motion to address recent
     Supreme Court decisions.  The parties completed this supplemental briefing in early 2023.  (*See* Docs. 158, 163,
28   164.)

1   observed:

> 2   The "good cause" requirement focuses primarily on the party's diligence and its reasons for not acting sooner. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (citing *Johnson v. Mammoth Recreations Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)), *aff'd on unrelated question sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373, 135 S.Ct. 1591, 191 L.Ed.2d 511 (2015).

6   *City of Lincoln v. Cnty. of Placer*, 2023 WL 2776091 at *6 (E.D. Cal. Apr. 4, 2023).  The Court

7   may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party

8   seeking the extension."  *Johnson*, 975 F.2d at 609 (citing to Fed. R. Civ. P. 16 advisory

9   committee's notes (1983 amendment)); *see also* 6A Wright, Miller & Kane, *Federal Practice and*

10   *Procedure* § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be

11   met despite party's diligence).

12       Here, the Court finds good cause to grant Petitioner's unopposed request to modify the

13   case schedule to permit filing of the Third Supplemental Motion.

14       Petitioner asserts the Third Supplemental Motion is a necessary response to Respondent's

15   previously filed opposition to expansion of the record with evidence of trial counsel Fred

16   Canant's ethnic animus.  (Doc. 191 at 4 citing Docs. 168, 172-2, 174, 174-2, 176.)  Particularly,

17   Petitioner asserts the Third Supplemental Motion relates to the Court's ability to consider non-

18   record, recently developed evidence proffered therewith (i.e. Exhibits 2F and 2G) in its merits

19   determination of federal habeas Claims 1.J and 11.D, which allege Canant was ineffective in part

20   because he harbored racial and ethnic prejudices.

21       The Court is satisfied that, notwithstanding the reasonable diligence of counsel for

22   Petitioner, the need to develop and proffer the Declaration of Connie Padilla Serrano (Exhibit 2F)

23   and the Declaration of Adam Brown (Exhibit 2G) became apparent only during the parties'

24   briefing of the noted evidentiary development Motions; and that Ms. Serrano's health issues

25   delayed that process.  (*See* Doc. 191 at 4, 7-8); *see also Kuschner v. Nationwide Credit, Inc.*, 256

26   F.R.D. 684, 687 (E.D. Cal. 2009) ("Good cause may be found to exist where the moving party

27   shows that it diligently assisted the court with creating a workable scheduling order, that it is

28   unable to comply with the scheduling order's deadlines due to matters that could not have

1  reasonably been foreseen at the time of the issuance of the scheduling order, and that it was

2  diligent in seeking an amendment once it became apparent that the party could not comply with

3  the scheduling order.").

4       Respondent's non-opposition to the instant motion to modify the case schedule appears

5  implicitly to concede good cause and the absence of prejudice should the requested relief be

6  granted.  Moreover, the yet to be briefed Third Supplemental Motion relates to allegations raised

7  in the Second Amended Petition and development thereof through the previously filed

8  Supplemental and Second Supplemental Motions, reasonably suggesting the absence of prejudice

9  should relief be granted on the instant scheduling motion.

10      THEREFORE, the Court GRANTS Petitioner's unopposed motion to modify the case

11  schedule to permit filing of the Third Supplemental Motion (Doc. 191).

12      The CLERK is directed to FILE on the public docket CM/ECF System Documents

13  Number 191-1, 191-2, and 191-3 AS the THIRD SUPPLEMENTAL MOTION FOR

14  EXPANSION OF THE RECORD.

15      RESPONDENT shall FILE any opposition to the Third  Supplemental Motion not later

16  than SIXTY (60) DAYS following the filed date thereof.

17      PETITIONER shall FILE any reply to the opposition by not later than SIXTY (60) DAYS

18  following the filed date thereof.

19

20  IT IS SO ORDERED.

21      Dated:    June 21, 2024      _____

                                    UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28